78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Jose SANDOVAL-MARTINEZ; Carlos Ivan
Sandoval-Martinez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70587.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Jose Sandoval-Martinez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of an immigration judge ("IJ") and denying his application for asylum under section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 The Attorney General has discretion to grant asylum if the alien is a "refugee." See 8 U.S.C. § 1158(a). Aliens qualify as refugees if they are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Asylum applicants must establish a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the alien to meet this standard. See 8 C.F.R. § 208.13.
 
 
 4
 In support of his persecution claim, Sandoval-Martinez testified that in 1987, he resigned from his employment from the Ministry of Energy because of "pressure" he felt at work to attend political meetings and to accept the political ideals of the Sandinistas. After his resignation, Sandoval-Martinez unsuccessfully attempted to find work in the private sector. Unable to find employment, Sandoval-Martinez "decided to leave the country instead of working for a government that do[es] not fulfill my democratic ideas." In 1988, Sandoval-Martinez obtained a visa and left Nicaragua. Sandoval-Martinez contends that if he is returned to Nicaragua, he will be subject to an arduous investigation regarding his stay in the United States and would be suspected of planning a "counter-revolution."
 
 
 5
 Sandoval-Martinez was never arrested or detained by the Sandinistas and his parents and siblings reside in Nicaragua unharmed. His father continues to be employed by the American Embassy where he has worked for many years without incident.
 
 
 6
 Substantial evidence supports the BIA's determination that Sandoval-Martinez failed to demonstrate a well-founded fear of persecution. See Acewicz, 984 F.2d at 1061. Moreover, Sandoval-Martinez's testimony does not establish that he is entitled to a grant of asylum for humanitarian reasons based on past persecution. Id. at 1062. We therefore agree with the BIA that Sandoval-Martinez failed to establish statutory eligibility for asylum.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3